UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 21 2012 ★
LONG ISLAND OFFICE

JANNA DOHENY
On behalf of herself and all others similarly situated,

    Plaintiff,

vs.

AMERICAN CORADIUS INTERNATIONAL LLC a/k/a ACI, and
CHASE BANK a/k/a JPMORGAN CHASE BANK, N.A., and
LCS FINANCIAL SERVICES CORPORATION.

    Defendant(s).

COMPLAINT
AND TRIAL BY JURY DEMANDED

CV-12 4178

SPATT, J.

BROWN, M. J.

SUMMONS ISSUED

Plaintiff, JANNA DOHENY, by her undersigned attorneys, respectfully alleges and shows to the Court as follows:

### INTRODUCTION

1. Plaintiff obtained a Mortgage and Note from Washington Mutual to purchase a house. After Plaintiff allegedly became delinquent on payments for the Note, Chase bought the debt from Washington Mutual. Plaintiff is suing defendants JP Morgan Chase Bank, N.A., LCS Financial Services Corporation and American Coradius International LLC because after Plaintiff negotiated with Chase and settled the Note and Mortgage as marked 'Paid in Full' through a short sale, the Defendants continued to attempt to collect the alleged debt.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter referred to as "FDCPA") which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices; New York General Business Law; and common law.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. 1367. Declaratory relief is available under New York law. Injunctive relief is available under New York law. Venue in this District is proper is proper in that the Defendants transact business here and the conduct that is the subject of this complaint occurred here.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "debt," "debt collector," and "debt buyer" are defined in § 1692a.

5. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

## THE PARTIES

6. Plaintiff, JANNA DOHENY, (hereinafter referred to as "JANNA") is a natural person residing in Nassau County, in the State of New York.

7. Plaintiff JANNA engaged Washington Mutual Bank FA for a loan to purchase a home.

8. Plaintiff JANNA is a consumer.

9. Defendant LCS Financial Services Corporation (hereinafter referred to as "LCS") is a full service consumer debt collection agency with its

principle place of business located in Englewood, Colorado, engaged in collecting debts in the State of New York.

10. Defendant Chase, a/k/a J.P. Morgan Chase Bank, N.A. (Hereinafter referred to as "Chase") is a national banking association under the provisions of federal law with its principle place of business in Columbus, Ohio. Chase maintains offices and does significant business in this state. Under the FDCPA Chase is defined as a 'Debt Buyer/Debt Collector.'

11. Defendant American Coradius International LLC a/k/a ACI (Hereinafter referred to as "ACI") is a full service consumer debt collection agency with its principle place of business located in Erie County, Amherst, New York and engaged in collecting debts in the State of New York.

## STATEMENT OF FACTS

12. Plaintiff repeats paragraphs "1" through "11" as if fully restated herein.

13. On or about April 27, 2005, Plaintiff Janna as "Borrower" executed a Note to "Lender" Washington Mutual Bank, FA and a Mortgage securing said Note for the purchase of a home located at 150 Oceana Drive, Unit 1G, Brooklyn, NY 11235. *See copy of the Mortgage and Note annexed hereto as Exhibit "A".*

14. On or about January, 2008 it is alleged that Plaintiff Janna fell defaulted on payments of her note and mortgage. *See a copy of Janna's credit reports Experian and TransUnion reported by defendant Chase as starting in*

*January 2008 and in Foreclosure Status by May, 2008 annexed hereto as Exhibit "B".*

15. On or about May, 2008 foreclosure proceedings were started against Plaintiff Janna for said property, Note and Mortgage. *See exhibit "A".*

16. On or about September 25, 2008 the Washington Mutual Bank the original creditor of the Mortgage and Note, failed and the FDIC brokered a sale of its assets to defendant Chase for $1.9 billon dollars. *See FDIC Press release dated September 25, 2008 annexed hereto as exhibit "C".*

17. Defendant Chase filed a foreclosure action against plaintiff Janna on or about July, 2009, Supreme Court Kings, Index No. 12704/2009. *See a copy of the summons and complaint annexed hereto as exhibit "D".*

18. On or about August 18, 2010 plaintiff Janna completed a "short sale" for the property for the amount of or about $380,000.00. *See a copy of the closing documents annexed hereto as Exhibit "E".*

19. Defendant Chase has reported the account "Paid and Settled." *See copy of the December, 2011 credit bureau reports for both Experian and TransUnion annexed hereto as Exhibit "B".*

20. Defendant Chase prepared a Satisfaction ("Payoff") of Mortgage on May 2, 2012 and filed it with the Kings County Clerk on May 4, 2012. *See a copy of the Satisfaction of Mortgage prepared by the defendant Chase and filed with the County Clerk annexed hereto as exhibit "F".*

21. Defendant Chase mailed a letter to plaintiff Janna dated June 4, 2012 which stated in part said Mortgage and Note was paid off and listed a payoff

date of April 9, 2012. *See a copy of defendant Chase's June 4th letter showing an April 9, 2012 payoff annexed hereto as exhibit "G".*

22. LCS Financial Services Corporation mailed a collection demand letter dated April 18, 2012 that stated in part that they represent Chase and alleged that plaintiff JANNA has not paid on her account and resulted in a default in the amount of $105,774.71 now due and owing. *See a copy of LCS's collection demand letter annexed hereto as exhibit "H".*

23. A request for validation and verification of the debt was sent to LCS Financial Services Corporation which they ignored. *See a copy of Plaintiff's request for validation and verification of the alleged debt annexed hereto as exhibit "I".*

24. On or about June 25, 2012 defendant Chase mailed a letter dated June 22, 2012 to plaintiff Janna that stated in part that plaintiff Janna owed $105,774.71 on this account *****2454 and that CHASE will take a settlement payment of $21,154.94 to settle the account in full. *See a copy of defendant Chase's collection letter and offer to settle the debt annexed hereto as exhibit "J".*

25. On or about August 8, 2012 ACI mailed a collection demand letter that purported that they represent CHASE and alleged that plaintiff JANNA has not paid on her account and resulted in a default in the amount of $105,774.71 now due and owing. *See a copy of ACI's collection demand letter annexed hereto as exhibit "K".*

**CAUSES OF ACTION UNDER THE FDCPA AGAINST CHASE**

26. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Defendant Chase has violated the FDCPA. Defendant's violations include but are not limited to the following:

A. Defendants' violated 15 U.S.C. Section 1692d. Chase has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt against plaintiff.

B. Defendants' violated 15 U.S.C. Section 1692e. Chase has used false, deceptive, or misleading representation or means in connection with the collection of an alleged debt against plaintiff.

C. Defendants' violated 15 U.S.C. Section 1692f. Chase has used unfair or unconscionable means to collect or attempt to collect an alleged debt against plaintiff.

D. Defendants' violated 15 U.S.C. Section 1692g. Chase continued to collect on the alleged debt after it failed to validate the alleged debt upon notification of dispute and written request of plaintiff.

## CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW AGAINST CHASE

28. Plaintiff, repeats, reiterates and realleges all the foregoing allegations contained in all the paragraphs set forth above, with the same force and effect as thought fully set forth at length herein

29. Defendant's actions as detailed above violate the New York General Business Law Section 349 *et seq.* in that the Defendant falsely

represented to Plaintiff Janna, Defendant LCS and Defendant ACI that Plaintiff still owed the alleged debt.

30. Upon information and belief, Defendant regularly utilizes deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large.

31. Plaintiff suffered emotional distress and pecuniary loss due to the Defendant's actions and omissions.

## NEGLIGENCE & GROSS NEGLIGENCE AGAINST CHASE

32. Plaintiff, repeats, reiterates and realleges all the foregoing allegations contained in all the paragraphs set forth above, with the same force and effect as thought fully set forth at length herein.

33. The actions and omissions of Defendant Chase constitute a misdemeanor under the New York General Business Law Sections 600 and 601. Plaintiff is in the class of people intended to be protected by New York General Business Law Sections 600 and 601.

34. Defendant Chase was aware that the Plaintiff had settled the alleged Note & Mortgage debt, as Chase undertook to negotiate and settle the debt with Plaintiff. Chase made promises and took actions indicating that the debt was resolved. Plaintiff Janna relied upon the negotiations and representations made to her by Chase. It was foreseeable that Chase's failure to abide by their representations and actions could damage Plaintiff.

35. The relationship between Plaintiff Janna and Defendant Chase created a special duty owed to Plaintiff by Chase.

36. The actions and omissions of Defendant Chase described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty in the manner in which they handled the Plaintiff's account, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

## DEFAMATION

37. Plaintiff, repeats, reiterates and realleges all the foregoing allegations contained in all the paragraphs set forth above, with the same force and effect as thought fully set forth at length herein

38. Defendant maliciously published false and defamatory statements about Plaintiff in that, subsequent to August 18, 2010, Chase falsely informed LCS and ACI that Plaintiff still owed on or about $105,774.71 debt to Chase.

39. The exact date that Defendant Chase published the false and defamatory statements about the Plaintiff is unknown at this point, but will be obtained through discovery.

40. Defendant Chase's false statements indicated that the Plaintiff owed a debt that she had not paid.

41. Defendant Chase's false statement inherently labels Plaintiff a bad credit risk.

42. Defendant Chase's false statement is defamatory on its face and constitutes libel per se.

43. Defendant Chase's false statement is defamatory and constitutes libel.

44. Defendant Chase does not have a cause or excuse for such defamatory statement.

45. Defendant Chase knew or should have known that their statement was false.

46. Defendant Chase's false statement injured the Plaintiff's reputation, esteem and good will. Along with other damages, Defendant Chase's false statement caused the Plaintiff to suffer these and actual and special damages in an amount to be determined upon the trial of this action.

## CAUSES OF ACTION UNDER THE FDCPA AGAINST LCS FINANCIAL SERVICES CORPORATION

47. Plaintiff, repeats, reiterates and realleges all the foregoing allegations contained in all the paragraphs set forth above, with the same force and effect as thought fully set forth at length herein

48. Defendant LCS has violated the FDCPA. Defendant's violations include but are not limited to the following:

   A. Defendants' violated 15 U.S.C. Section 1692d. LCS has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt against plaintiff.

   B. Defendants' violated 15 U.S.C. Section 1692e. LCS has used false, deceptive, or misleading representation or means in connection with the collection of an alleged debt against plaintiff.

  C. Defendants' violated 15 U.S.C. Section 1692f. LCS has used unfair or unconscionable means to collect or attempt to collect an alleged debt against plaintiff.

  D. Defendants' violated 15 U.S.C. Section 1692g. LCS failed to validate the alleged debt upon written request of plaintiff.

## CAUSES OF ACTION UNDER THE FDCPA AGAINST ACI FINANCIAL SERVICES CORPORATION

  49. Plaintiff, repeats, reiterates and realleges all the foregoing allegations contained in all the paragraphs set forth above, with the same force and effect as thought fully set forth at length herein

  50. Defendant ACI has violated the FDCPA. Defendant's violations include but are not limited to the following:

  A. Defendants' violated 15 U.S.C. Section 1692d. ACI has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt against plaintiff.

  B. Defendants' violated 15 U.S.C. Section 1692e. ACI has used false, deceptive, or misleading representation or means in connection with the collection of an alleged debt against plaintiff.

  C. Defendants' violated 15 U.S.C. Section 1692f. ACI has used unfair or unconscionable means to collect or attempt to collect an alleged debt against plaintiff.

  D. Defendants' violated 15 U.S.C. Section 1692g. ACI failed to validate the alleged debt upon written request of plaintiff.

## CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW AGAINST DEFENDANTS CHASE, LCS and ACI

51. Plaintiff, repeats, reiterates and realleges all the foregoing allegations contained in all the paragraphs set forth above, with the same force and effect as thought fully set forth at length herein

52. Defendants Chase, LCS and ACI's actions as detailed above violated the New York General Business Law Section 349 *et seq.* in that the Defendant falsely represented to the Plaintiff that Plaintiff still owed the alleged debt.

53. Upon information and belief Defendants Chase, LCS and ACI regularly utilizes deceptive practices as described herein in an attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large.

54. Plaintiff suffered emotional distress and pecuniary loss due to the Defendant's actions and omissions.

## DAMAGES

55. Plaintiff, repeats, reiterates and realleges all the foregoing allegations contained in all the paragraphs set forth above, with the same force and effect as thought fully set forth at length herein

56. Because of the acts and omissions of Defendants as herein described, the Plaintiff Janna has suffered, financial loss, loss of available credit, actual physical injury and pain and suffering, physical sickness, severe mental distress, mental suffering, and/or mental anguish, including fear, worry, concern,

stress, frustration, nervousness, anxiety, sleeplessness, headaches, embarrassment and lack of concentration, amongst other negative emotions. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants acts and omissions are willful, malicious, oppressive, and demonstrative of a reckless disregard for the Plaintiff's rights and well being, and as such, the Plaintiff is entitled to punitive damages from the Defendants. See Plaintiff's Statement annexed hereto as Exhibit "A".

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiff demands trial by jury in this action.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants for the follow:

1. A declaration that the Plaintiff has 'Paid in Full' and settled the alleged debt described herein:
2. Pursuant to New York General Business Law and common law, an injunction prohibiting the Defendants from attempting to collect the debt described herein;
3. Actual damages;
4. Nominal damages;
5. Special damages;
6. Punitive damages;
7. Statutory damages under New York General Business Law;

8. Statutory damages under the FDCPA;

9. Costs and reasonable attorney's fees under the FDCPA

10. Costs and reasonable attorney's fees under the New York General Business Law;

11. For such other, further and different relief as the Court may deem just and proper.

Dated: Kings Park, NY
August 20, 2012

Respectfully submitted,

RICHARD A. GUTTMAN, ESQ.

By: _____

Richard A. Guttman, Esq., (RG-1183)
84 Lakebridge Drive South,
Kings Park, New York 11754

Phone: (631) 544-6917
Fax (631) 892-8643
Email: raguttman@bigcitylaw.com

*Attorney for Plaintiff, Janna Doheny*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANNA DOHENY
On behalf of herself and all others similarly
situated,

                Plaintiff,

vs.

AMERICAN CORADIUS
INTERNATIONAL LLC a/k/a ACI, and
CHASE BANK a/k/a JPMORGAN CHASE
BANK, N.A., and
LCS FINANCIAL SERVICES
CORPORATION.

                Defendant(s).

**ATTORNEY AFFIRMATION**

STATE OF NEW YORK    )
COUNTY OF SUFFOLK   ) SS.:

      Richard A. Guttman, Esq., being duly sworn, deposes and says:

      That your deponent is the attorney for the plaintiff, having an office at 84 Lakebridge Drive South, Kings Park, Suffolk County, New York, and that he has read the foregoing Summons and Complaint and knows the contents thereof; that the same is true to his knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters your deponent believes it to be true. Deponent further states that the grounds of his belief as to all matters in the Complaint not stated to be upon his knowledge are based upon documents and communications provided by my client.

      That the reason this verification is made by your deponent instead of the Plaintiff is because the Plaintiff does not reside or have an office for the conduct

of business within the County of Suffolk which is the County where your deponent has his office.

By: _____
Richard A. Guttman, Esq.

Subscribed and sworn to before me
This 21th day of August, 2012.

_____
Notary Public

KRYSTA K. JORGENSEN
Notary Public, State of New York
No. 01JO6256547
Qualified in Suffolk County
Commission Expires February 27, 2016